UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAMON VICKERS, and
PREFERRED LOAN

    Plaintiffs,

vs.                                            Case No. 3:06-mc-30-J-32MCR

KEVIN MERRITT,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Affidavit of Indigency (Doc. 1), which the Court construes as a Motion to Proceed *In Forma Pauperis.* On May 16, 2006, the Court took Plaintiff's Motion under advisement because the Motion and the attached Complaint were deficient for a number of reasons. (Doc. 2). The Court did, however, grant Plaintiff an opportunity to correct such noted deficiencies by filing an amended complaint and an amended affidavit of indigency no later than **Monday, June 12, 2006**. (Doc. 2). As of this date, Plaintiff has made no such filing.

When an application to proceed *in forma pauperis* is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

is immune from such relief.  In this case, Mr. Vickers has filed what appears to be an attempt to state a claim for breach of contract against an individual, Kevin E. Merritt, for failing to pay $555.26 on a loan.  Mr. Vickers, however, has not set forth a clear basis for relief against the defendant, nor has he identified any basis for this Court's jurisdiction.  Thus, Mr. Vickers has not stated a claim upon which relief may be granted.

Although it is not entirely clear, the Court finds Plaintiff's claim is not frivolous or malicious, but could potentially state a claim upon which relief could be granted.  To the extent Mr. Vickers is attempting to state a claim for breach of contract, there does not appear to be any basis for federal jurisdiction in this case.  Rather, this appears to be a claim that should be filed in Georgia state court.[2]   Despite the fact that the Court cannot discern any factual or legal basis for this suit or for jurisdiction, the Complaint may be susceptible to amendment.

Additionally, the Court finds Mr. Vicker's Affidavit of Indigency is incomplete. Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security.  The Court's decision to grant *in forma pauperis* status is discretionary (Pace v. Evans, 709 F.2d 1428 (11th Cir. 1983)) and should be "bestowed only upon those who are truly indigent." Antonelli v. Bureau of Alcohol, Tobacco and Firearms, 1985 WL 1613 at *1 (N.D. Ill. 1985).  Other than his name, residence, and a brief statement of the nature of the action, Mr. Vicker's Affidavit of Indigency contains no

---

[2] The Affidavit of Indigency and the documents filed therewith, show that both Mr. Vickers and Mr. Merritt reside in Georgia.  Additionally, it appears Mr. Vickers is only seeking $555.26 in damages.

-2-

information. Specifically, he does not set forth any information relating to his marital status, dependents, employment, or financial status.

Therefore, the undersigned recommends the District Judge deny Plaintiff's Motion to Proceed *In Forma Pauperis* **without prejudice** to Plaintiff filing a paid complaint.

Accordingly, after due consideration, it is

**RECOMMENDED**:

Plaintiff's Affidavit of Indigency (Doc. 1), which the Court construes as a Motion to Proceed *In Forma Pauperis,* be **DENIED** without prejudice to Plaintiff filing a paid complaint.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  28th  day of June, 2006.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party

Hon. Timothy J. Corrigan
United States District Judge